United States District Court
Southern District of Texas
ENTERED
JUL 17 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
JUL 14 1998
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDDIE RODRIGUEZ | * | |
| | * | |
| VS. | * | CIVIL ACTION |
| | * | NO. B-96-037 |
| UNITED STATES OF AMERICA | * | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is Petitioner Eddie Rodriguez' Motion to Vacate Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. Ordered to respond, the Government has filed a Motion for Summary Judgment.

The Honorable Filemon B. Vela, District Judge, having jurisdiction over the above-styled and numbered proceedings, has directed this Court to consider the matter and file a report and recommendation herein.

This Court has read the parties' pleadings, considered the issues raised in light of the record and the applicable law and is of the opinion that Petitioner's Motion should be Denied. In support of the aforementioned conclusion this Court files the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On May 25, 1993, Rodriguez was charged in an indictment in the Southern District of Texas, Brownsville Division, in Case No. CR-B-93-083, with conspiracy to possess with intent to distribute in excess of 100 grams of heroin, in violation of 21

U.S.C. § 846, (Count 1); possession with intent to distribute approximately 276.50 grams of heroin, in violation of 21 U.S.C. § 8441(a)(1) and 18 U.S.C. § 2 (Count 2); and knowingly carrying a firearm, namely a Colt, Police Positive Model, .38 caliber revolver, serial number 49598R, during and in relation to a crime of violence and a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 4). On June 2, 1993, Rodriguez pled not guilty to the charges.

2. Rodriguez was tried before a jury who found him guilty on the three counts charged in the Indictment. Rodriguez was sentenced to concurrent terms of 60 months of imprisonment as to Counts 1 and 2, to be followed by four years of supervised release, and a term of 60 months of imprisonment on Count 3, said term to run consecutively with the terms imposed on Counts 1 and 2, to be followed by three years of supervised release, and a special assessment totaling $150 was imposed.

3. Rodriguez appealed his conviction and sentence and the conviction and sentence were affirmed on December 2, 1995. <u>United States v. Eddie Rodriguez</u>, Case No. 93 7683 (5th Cir. Dec. 2, 1995) (per curiam).

4. Ordered to respond the United States filed its answer along with a Motion for Summary Judgment.

5. In his instant Motion to Vacate Sentence Rodriguez contends that his conviction of Count 4, the firearm charge, should be vacated because he did not "use" a firearm by "actively employing" it during and in relation to the drug trafficking

2

offense as the term "use" has been construed in <u>Bailey v. United States</u>, __U.S.__, 116 S.Ct. 501 (1995). Also, Rodriguez contends that the jury was incorrectly instructed on the firearm charge as to the definition of "use".

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2255.

2. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992)

3. Once the Defendant has been convicted and exhausted his right to appeal, this Court is "entitled to presume that the Defendant stands fairly and finally convicted." <u>United States v. Shaid</u>, 937 F.2d 228, 231 (5th Cir. 1991), <u>cert denied</u>, 502 U.S. 1076 (1992).

4. The gist of Rodriguez' first claim is that his conviction under § 924(c) as charged in Count 4 of the Indictment should be vacated because his conduct does not fall within the scope of that statute as construed in <u>Bailey</u>. Title 18 U.S.C. § 924(c)(1) provides: "Whoever, during and in relation to any crime of violence or drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such crime ..., be sentenced to imprisonment for five years ..."

3

5. Under <u>Bailey</u>, "use" or "active employment" of the weapon:

> ... includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. ... [E]ven an offender's reference to a firearm in his possession could satisfy § 924(c)(1). Thus, a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a "use", just as the silent but obvious and forceful presence of a gun on a table can be a "use".

<u>Bailey</u>, 116 S.Ct. at 508.

6. However, the decision in <u>Bailey</u> did not reach the scope of the term "carry" for purposes of application of § 924(c)(1), although the Court recognized that the "carry" prong of the statute "brings some offenders who would not satisfy the "use" prong within the reach of the statute." <u>Bailey</u>, 116 S.Ct. at 509. The Court acknowledged that a firearm can be carried without being used and gave as an example "when and offender keeps a gun hidden in his clothing throughout a drug transaction." <u>Id</u>.

7. In the instant case, Rodriguez was charged in the Indictment with knowingly "carrying" a firearm during and in relation to a drug trafficking offense or a crime of violence. The jury found him guilty of "carrying" a firearm as charged in the Indictment and his conviction for "carrying" a firearm in violation of § 924(c) was affirmed by the appellate court.

8. As noted by the Fifth Circuit, "<u>Bailey</u> did not address the 'carrying requirement [and] prior precedent analyzing that prong was 'not affected.'" <u>United States v. Rivas</u>, 85 F.3d 193, 195 (5th Cir. 1996).

4

Because of the foregoing, this Court respectfully recommends that Respondent's Motion for Summary Judgment be GRANTED and this cause of action be DISMISSED WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided the party has been served with notice that such consequences will result from failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 14th day of July, 1998.

Fidencio G. Garza, Jr.
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDDIE RODRIGUEZ | * | |
| | * | |
| VS. | * | CIVIL ACTION |
| | * | NO. B-96-037 |
| UNITED STATES OF AMERICA | * | |

<u>O R D E R</u>

Before this Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be adopted.

It is therefore ORDERED, ADJUDGED AND DECREED that the Government's Motion for Summary Judgment be and is hereby GRANTED and Petitioner's Motion to Vacate, Set Aside or Correct Sentence be and is hereby DENIED and this cause of action be and is hereby DISMISSED WITH PREJUDICE.

DONE at Brownsville, Texas, this _____ day of _____, 1998.

```
                              _____
                                    Filemon B. Vela
                              United States District Judge
```